## P. C. Tomson et al., Plffs. in Err., *v.* George Junkin.

Where the parties to an action agree to a reference under the act of May 14, 1874, and one of them gives a bond, with surety, to the referee for "legal costs," a subsequent agreement of the parties and the referee, fixing the fees of the latter without reference to the statutory per diem allowance, is not such a deviation from the terms of the bond as to discharge the surety, where the amount so agreed upon is afterward taxed by the court as costs.

(Decided April 12, 1886.)

Error to Common Pleas, No. 4, of Philadelphia County to review a judgment entered for want of a sufficient affidavit of defense in an action of debt upon a bond for costs incurred in a reference. Affirmed.

Kase brought an action of assumpsit against the Danville,

Hazleton, & Wilkesbarre Railroad Company. The parties to the suit agreed to refer it to Geo. Junkin, under the act of May 14, 1874, to employ a stenographer to take the testimony before the referee, whose charges should be costs in the suit, and to give security for all costs, including the referee's fees and the compensation of the stenographer. Kase and Tomson accordingly gave a bond to the referee in the sum of $2,000, conditioned for the payment of the "legal costs" in the said action, "said costs to include the referee's fees and the stenographer's costs."

Subsequently, and pending the reference, the railroad company filed a bill in equity against Kase, the relief therein sought being substantially the same as a claim made by the company in the action at law under a notice of set-off. Mr. Junkin was appointed master and examiner in this equity suit, and evidence in both suits was heard by him at the same time.

Under the act of 1874 a referee is allowed $10 per day for the time he is engaged in the performance of his duties. Mr. Junkin was paid, during the progress of the suits, on separate accounts as referee and as master and examiner respectively, certain sums on general account in each, leaving the balance due on each to be settled at the close. Counsel for both parties and the referee estimated that balance at $2,500, and an equal amount as the unpaid balance of his fee as master, without reference to the per diem allowance under the act of 1874, and, upon a statement filed in accordance therewith, and a rule thereon, the court taxed the costs accordingly. Afterwards, on exception, and notice to Kase and Tomson, the court amended the taxation.

The referee brought suit upon the bond, filing a copy of the record in the case of Kase v. Danville, H. & W. R. Co. and a copy of the bond. Tomson filed an affidavit of defense thereto, setting up, *inter alia,* the following defense:

"That, by reason of said agreement fixing the amount of the referee's fees, and by reason of the same not having been fixed and taxed in the manner required by law and contemplated by the bond upon which suit is brought, and in a manner wholly different from that authorized by law, whereby the liability of your affiant as surety in said bond was altered, varied, and greatly increased, and a new agreement was in effect substituted and entered into, to the prejudice of your affiant, between said Junkin, said railroad company, and said Kase, and your affiant is

thereby discharged and exonerated from all liability upon said bond as principal, surety, or otherwise; and your affiant further says that said change in the manner of conducting said reference and of taxing said costs, and said agreement fixing the referee's and master's fee, was done without this affiant's permission, knowledge, or consent, and that your affiant never authorized said Junkin, said counsel for said parties plaintiff and defendant in the aforesaid suit, said Kase, or any other person, to tax said costs or fix said referee's fees in any other manner than that directed and contemplated by the act of assembly in such cases made and provided; nor has your affiant ever ratified the same when done.

"Your affiant further suggests that so much of said taxation of costs as is for stenographer's fees should be fixed upon as a *quantum meruit* by a jury, and not by the court, and your affiant further says that the plaintiff is not entitled to judgment upon the record and copy filed in this cause."

Judgment was given for the plaintiff for want of a sufficient affidavit of defense, which judgment is here assigned for error.

*Bertram Hughes,* for plaintiff in error P. C. Tomson.—The condition of the bond was that Kase and Tomson shall pay, or cause to be paid, the legal costs in a certain action, said costs to include the referee's fee.

Instead of having the costs taxed as required by the act, the parties agreed upon a gross sum to be paid for Mr. Junkin's services as referee, examiner, and master, and then divided that amount equally between the two suits as the costs of each.

When the principals made that agreement they made a new contract. As between themselves, as well as between themselves and the surety, the bond upon which this suit was brought was superseded and canceled as effectually as though the bond had been paid or deliberately destroyed.

Where the plaintiff sues upon a covenant which has been modified by parol in a point essential to the defendant's liability, the old contract will be treated as abandoned. Lehigh Coal & Nav. Co. v. Harlan, 27 Pa. 430.

Where there is a modification of the defendant's covenant, on which he is called to respond, the remedy is in assumpsit. Spangler v. Springer, 22 Pa. 454.

Any alteration of a specialty by parol makes the whole parol.

Carrier v. Dilworth, 59 Pa. 406; Vicary v. Moore, 2 Watts, 451, 27 Am. Dec. 323.

Any substitution, deviation, addition, or detraction from the contract discharges the surety. Burge, Suretyship, p. 214; Evans v. Whyle, 5 Bing. 485; Eyre v. Bartrop, 3 Madd. 221; Archer v. Hale, 4 Bing. 464; Bonar v. Macdonald, 3 H. L. Cas. 226, 14 Jur. 1077; Brez v. Warner, 9 W. N. C. 45; Pidcock v. Bishop, 3 Barn. & C. 605; Bonser v. Cox, 6 Beav. 110; North Western R. Co. v. Whinray, 10 Exch. 77.

The agreement as to the referee's fees was a binding contract on all the parties thereto, to wit: S. P. Kase, the Danville, Hazleton, & Wilkesbarre Railroad Company, and George Junkin.

The agreement as to the $2,500 unpaid costs, when reduced to judgment, became as effectually binding upon the parties as though Kase had executed to Junkin a bond for $2,500. The judgment was a higher security for the promise to pay $2,500, and the promise was merged in the judgment. Drake v. Mitchell, 3 East, 259; Jones v. Johnson, 3 Watts & S. 277, 38 Am. Dec. 760.

The agreement fixing the costs in both suits was upon a good and valid consideration, having for its object the prevention of litigation and the settlement of a dispute between the parties. 1 Chitty, Contr. 11th Am. ed. p. 46; Penn v. Baltimore, 1 Ves. Sr. 444; Cook v. Wright, 1 Best & S. 559; Longridge v. Dorville, 5 Barn. & Ald. 117; Kerr v. Lucas, 1 Allen, 279; Brooke v. Mostyn, 2 De G. J. & S. 373, and note; Hoge v. Hoge, 1 Watts, 217, 218, 26 Am. Dec. 52; Cavode v. M'Kelvey, Addison (Pa.) 56; Smith, Contr. 6th Am. ed. p. 172; Brown v. Sloan, 6 Watts, 421; Meanor v. M'Kowan, 4 Watts & S. 304; Rinehart v. Olwine, 5 Watts & S. 163; M'Culloch v. Cowher, 5 Watts & S. 427; Chamberlain v. M'Clurg, 8 Watts & S. 37; O'Keson v. Barclay, 2 Penr. & W. 531; Edwards v. Baugh, 11 Mees. & W. 641.

Instances of sureties on appeal and bail bonds having been discharged by a varying of the obligation are: Com. v. Simonton, 1 Watts, 310; Evers v. Sager, 28 Mich. 47; Langley v. Adams, 40 Me. 125; Bryan v. Bradley, 1 N. C. (Taylor) 77; Waples v. Derrickson, 1 Harr. (Del.) 134; Irwin v. Sanders, 5 Yerg. 287; Johnson v. Flint, 34 Ala. 673.

Where a surety has once been discharged by any act of the creditor and principal, he can be rendered liable again only by

his own consent. Funk v. Frankenfield, 71 Pa. 205; Giltinan v. Strong, 64 Pa. 242.

The costs must be proved in this case in order to charge the surety. The stenographer's services and their value must be proved. The judgment against Kase is not even prima facie evidence.

*Crawford & Dallas* and *Samuel Gustine Thompson,* for defendant in error.—The taxation of the court determining the costs at their present amount, in the principal case, was conclusive in law, fixing both the liability for costs and the amount due, in the subsequent suit on the bond.

The amount of the stenographer's costs is not disputed, or that the bond covers them. And, like witness fees, they are the subject of the court's taxation when, as here, the agreement of the parties has made them part of the costs of the cause. Schneider v. New York & C. Gas Coal Co. 1 Pennyp. 345.

Upon the fair construction of the contract of such a bond, the liability and amount thereof determined in the principal action is, *per se,* conventionally and by the words of the' bond, imported into the condition of the bond, as in bonds of indemnity of constables, sheriffs, administrators, committees of lunatics, assignees for the benefit of creditors, trustees, and bonds for costs, as expressly illustrated in the elaborate opinion of COWEN, J., in Douglass v. Howland, 24 Wend. 45, 55, affirmed in the case of Jackson v. Griswold, 4 Hill, 531, cited by the plaintiffs in error.

And this is especially so in the case of costs, as the liability therefor and the amount are essentially triable only in the principal case; and the court, and not the jury, is the tribunal to assess the amount, not only from the nature of costs, but the act of 1874 specially requiring them to be taxed by the court.

That the creditor gave notice to Mr. Tomson and his counsel to defend the taxation in the principal case, and his counsel defended therein, renders that taxation, as to liability and amount, conclusive in the suit on the bond. Hostetter v. Pittsburgh, 107 Pa. 434, 435; Douglass v. Howland, 24 Wend. 45, 55, and Jackson v. Griswold, 4 Hill, 531; approved in Deck v. Johnson, 30 Barb. 289. See also Ayres v. Findley, 1 Pa. St. 501.

The bond in this case as to Mr. Tomson's obligation is not in

fact one of indemnity or suretyship, but one of principal obligation to pay the costs, exactly as Mr. Kase's obligation.

PER CURIAM:

There is no error in this record. The costs now sought to be recovered were duly taxed by the court having jurisdiction of the case. The correctness thereof cannot be controverted in this suit on the bond. The conclusiveness thereof is binding on both surety and principal.

Judgment affirmed.